The opinion of the Court was delivered by
Johnston, Ch.
The preliminary enquiry, in this case, is, whether the judgments obtained in Alabama against Felder *66 and Bradford, and set out in the bill, are extinguished by the statute of that State relied on in one of the pleas. If they are, the case is at an end; and we are saved the consideration of every other question argued before us. But, in my opinion, the observations of the Chancellor on this point, are clearly correct. If the statute were open to us for construction, it scarcely admits of a doubt. By the common law, where a year and day are allowed to elapse, the presumption of satisfaction is so far raised, that a second execution cannot be issued, as of course; and the party is left to revive his right to execution by scire facias ; or to sue upon his judgment, in debt. By our own statute of 1827, the period within which a judgment creditor may issue a second execution is extended to seven years. If he allows that time to elapse, he is driven to his sci. fa., or his action on the judgment. The Alabama law differs in no respect from ours, except that the time for renewing executions fixed by the latter is seven years; whereas it is extended to ten by the former.
But the interpretation of the statute of Alabama, by her own Courts, is conclusive, and we are bound, in comity, to adopt it. This is familiar and well settled law. The case of Van Clave vs. Haworth, referred to in the decree, is decisive.
We are, therefore, to look into the remaining questions in this case: and I shall dispose of them by considering whether the plaintiffs are entitled to remedy in this Court, and entitled to it in the way pointed out in the decree.
The plaintiffs present themselves in South Carolina with several judgments obtained by them in a sister State. These judgments are subsisting to that extent, that if they could bring in the defendants by the service of legal process, they could make them answer in the law Courts, in an action of debt. But neither of the defendants is in the State. So the bill avers: and such appears to have been the fact at the institution of the present suit. What are the plaintiffs to do ? It is insisted by the defendant Edmund J. Felder, that they have ample remedy at law; and, therefore, cannot come into equity.
*67 It is undoubtedly true that if a party have legal remedy, plain and adequate, it is a good bar to his proceeding in this Court. But let us consider whether these plaintiffs had, at their command, a legal remedy of that character.
It is not enough that a party may, by great circuity, and at great inconvenience, at last come at a remedy at law. His remedy must be plain and adequate.
Both the judgment debtors being absent from the State, how were the plaintiffs to recover against them at law, so as to subject their property lying here ? There was no possibility of bringing them into Court by personal service of process ; and they had no place of residence here where process could be left. And if one of them had been found here, or had had a place of residence here, rendering it possible to implead him: it must be remembered that, the cause of action being against partners, it was necessary to bring in the other partner — or proceed under the special statute; under which the liability of the absentee party must be foregone. Is that a plain and adequate remedy which demands a virtual and, it may be, a perpetual release of one of the debtors?
But the case made, is that both the debtors were out of the State, though one of them has since appeared to the present suit. Only one of them (Felder) had property in the State. It is said that the plaintiffs might have proceeded in an action of debt by way of foreign attachment. There are several reasons why this would not have afforded a remedy.
The ultimate liability of Bradford must be waived in such action, unless he could be made a party. Granting that the. attachment might have been levied on a portion of Edmund J. Felder’s interests in the estate of his disceased brother ; that would have sufficed only to affect him, so as to induce him to become a party. The proceeding by foreign attachment, originating in the custom of London, is intended to operate in rem, by drawing the party interested in the property attached to attend to his interests, and appear and defend the suit. If he fails, the judgment when obtained is to operate on that property.
*68 But though the several property of partners be liable to partnership debts, the attachment of the property of one partner is not a sufficient means to bring both the partners into Court, without which the action must result in a judgment against one of them and the virtual discharge of the other.
If Felder had dissolved the attachment, and appeared to the action, and pleaded in abatement the non-service of Bradford • what would have saved an abatement of the case, but the statute of Judge Prioleau, relating to partnership cases? which would have compelled the creditors to leave Bradford out of their judgment.
Would such a remedy have been plain and adequate ?
Again, We are not to know the value of the different species of property to which Edmund J. Felder may be entitled in his brother’s estate, any more than the amount of his debts. It is admitted that his interests in the real estate are subject to the process of attachment. His interests in the tangible personal property in the hands of the administrators, are not liable; nol-is his interest in the choses in the same hands. These are equitable interests (a). They cannot be taken out of the hands of the administrator, without deranging his administration. Nor, as has been decided, can he be made garnishee, in respect to them.(b) Now suppose the interests of this distributee in the real estate, (of whose value we are to know nothing,) should prove insufficient to pay the judgment of the attaching creditor when obtained; it has been adjudged that the residue of that judgment is ineffectual as a further demand against the debtor, (c) Would a remedy be at all adequate, which might be attended with such consequences ?
Suppose the tangible personal property divested out of the administrators by an assignment, in gross, to the distributees : still, though thus changed from an equitable to a legal interest in them, the undivided share of Edmund J. would not be liable *69 to the levy of an attachment. The interest of a party in real estate, held jointly with third persons, is subject to levy and sale, because it passes by deed and assignment. But such an interest in personalty is not so subject, because it passes only by delivery; and it can neither be taken possession of under the levy, nor delivered to a purchaser without committing a trespass on the other joint owners.
If all these difficulties, both with regard to the real estate and the tangible personal estate, were gotten over; still, as I have repeatedly remarked, we cannot legally know their value; and, of course, cannot know whether they would afford a full remedy, without resorting to the accountability of the administrators.
With respect to choses for which the administrators are accountable, though it was, perhaps, once doubted whether the creditor of a distributee was entitled to maintain a bill here ; the case of Kinloch vs. Meyer (Speers, Eq. 427) has settled his right to do so. The appeal by the defendant (E. J. Felder) opens this part of the decree ; and we avail ourselves of the opportunity to modify it in this respect. The objection that equity does not entertain a bill against the debtor of a debtor cannot avail when the absence of the debtor of the suing party prevents his remedy by compelling an assignment, and when he is obliged to adopt a proceeding in this Court analogous to an attachment at law. In attachments, a very frequent, and sometimes the only, remedy consists in proceeeding against debtors of the absent debtor as garnishees.
It is objected that no creditors are entitled to relief here but the specific creditors named in the bill. The objection is not to the frame of the bill, as a creditors’ bill; but that whatever the frame of it, no creditor not named in it, and whose demands are not set out as causes of suit, should be helped by this Court. It is sufficient to say that this very point was considered and decided in Heath vs. Bishop,(a) so far as remedy is sought out of equitable assets. It may be necessary, for aught we can *70 know — as I have repeatedly intimated — to resort to the assets in the hands of the administrators in this ease for a full satisfaction of the demands of even the creditors named in the bill: in which case all creditors are entitled to come in and claim. Of course, we must leave it to a future occasion, when the debts shall be stated, and the different sources for their payment set out, to decide as to the ratio in which the creditors shall be allowed payment out of the different funds.
Again ; it is objected that the co-distributees of the debtor, E. J. Felder, have been improperly made defendants in this case. The objection comes from him, and not from them. But allowing it the force of their authority, it is clearly not tenable in this case. In Kinloch vs. Meyer, before referred to, it was said that the necessity of making the co-distributees of the debtor parties, was not perceived. But that was a casein which the only subject pointed out for paying his debts was the accountability of the executor. Here we have (if we proceed to a full remedy, as we should) not only that accountability, but personal property to be cleared from the intestate’s debts, and subjected to partition, and real estate to be divided, in order to create distinct subjects to be subjected to the demands against E. J. Felder. To this partition, all the distributees are necessary parties.
Another objection made in this case, arises out of the suit instituted against the administrators one month before the filing of this bill. The administrators do not object to accounting here, though that suit is pending. It is E. J. Felder, who joined in bringing that suit, that raises the objection. Giving the utmost authority to his plea ; we are of opinion that the proceedings in the two suits can be so managed, in the practice of this Court, that no inconvenience shall arise.
The last point raised, is that this proceeding being in analogy to attachment at law, the plaintiffs should be required to give a bond similar to an attachment bond; and that E. J. Felder should be allowed to replevy.
To require a bond after appearing and pleading, as this de *71 fendant has done, would not be allowed at law. Besides, the bond, if given, would, as I apprehend, only subject the obligor to liability for the costs occasioned by his proceeding. The Chancellor has substantially provided for that, by requiring security to be given for the costs. As to the replevy, the matter is entirely misconceived. There has bqen nothing levied on; nothing has been taken possession of; there is nothing to be re-delivered or replevied. The land is where it was before. The assets are in the hands of the administrators. Surely it is not intended that, under the name of a replevy, we are to take the assets out of their hands, and deliver them to E. J. Felder. If, after partition of the personalty, this defendant desires possession of the part assigned to him, pending the litigation with his creditors, perhaps upon application to the Circuit Court, he may obtain it, by giving proper security.
It is ordered that, except as modified by this opinion, the decree be affirmed, and the appeal dismissed.
DunkiN, Dargan and Wardlaw, CC., concurred.

Appeal dismissed.

 Bush vs. Bush, 1 Strob. Eq. 379.

 Sp. Eq. 430; Young vs. Young, 2 Hill, 425.

 White vs. Floyd, Sp. Eq. 353-4, and authorities there cited

 4 Rich. Eq. 46.